IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**DARRYL D. BURT,**

      Movant,

vs.                                                    **CIVIL  NO.  Civ 05-0004 WJ/DJS**
                                                         Criminal No.  03-1562 WJ

**UNITED STATES OF AMERICA,**

      Respondent.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**[1]

    1.  This is a proceeding on a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255. Movant is incarcerated in the Federal Correctional Institution at Greenville, Illinois where he is serving a 96-month sentence as a result of his conviction for one count of Conspiracy to Distribute 100 Grams or More of a Mixture or Substance Containing a Detectable Amount of Heroin contrary to 18 U.S.C. §841(b)(1)(B), one count or Distribution of Less than 100 Grams of a Mixture or Substance Containing a Detectable amount of Heroin contrary to 18 U.S.C. §841(b)(1)(C), and one count of Distribution of 100 Grams and More of a Mixture or Substance Containing a Detectable

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

Amount of Heroin contrary to 18 U.S.C. §841(b)(1)(B). Those convictions were obtained as the result of Movant's guilty plea.

2. Movant raises two grounds for relief, both of which are premised upon the claim that he was not afforded the effective assistance of counsel. Movant contends that his attorney was constitutionally ineffective for failing to seek a three-level reduction in his sentence pursuant to the Sentencing Guidelines due to his acceptance of responsibility. Movant's ground for relief is that his attorney was ineffective for failing to file a direct appeal challenging the District Judge's failure to grant a three-level reduction due to acceptance of responsibility.

3. It has long been the law that a plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. United States v. Broce, 488 U.S. 563, 569 (1989). Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose any collateral attack. Id.; Mabry v. Johnson, 467 U.S. 504 (1967). Movant does not challenge the voluntariness of his plea.

4. Movant's ineffective of assistance of counsel claims must be evaluated in the light of the standard announced in Strickland v. Washington, 466 U.S. 668 (1984). This standard requires him to show that his counsel's representation fell below an objective standard of reasonableness and there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, Strickland, 466 U.S. at 687-688, 694. In the context of a guilty plea, Movant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59

(1985). Here, Movant received substantial consideration by pleading guilty.

     5. As pointed out by Respondent, Movant's claims summarily fail upon reference to the plea agreement. Pursuant to Fed.R.Crim.P. 11(c)(1)(C), the parties agreed that ninety-six months imprisonment was an appropriate sentence. Plea Agreement filed 12/15/03 in 03-Cr-1562 WJ, United States v. Darryl D. Burt, (Docket No. 45), p. 4. At the plea hearing, Movant stated that he entered into the plea agreement to avoid a mandatory ten-year sentence. Transcript of 12/15/03 Plea Hearing in 03-Cr-1562 WJ, United States v. Darryl D. Burt, p. 8. Under the terms of the plea agreement, Movant's sentence was fixed should the judge accept the agreement and there was no reason for his counsel to present the issue of acceptance of responsibility to the Court.

     6. Similarly, Movant's counsel was not ineffective for failing to file an appeal. Under the terms of the plea agreement, Movant gave up his right to file a direct appeal regarding his sentence. Plea Agreement filed 12/15/03 in 03-Cr-1562 WJ, United States v. Darryl D. Burt, (Docket No. 45), p. 4. Movant's counsel was not ineffective for either of the reasons he asserts.

**RECOMMENDED DISPOSITION:**

That the motion be denied and this matter dismissed with prejudice.

                                                          **DON J. SVET**
                                             **UNITED STATES MAGISTRATE JUDGE**